Campbell, Chief Justice,
delivered the opinion of the court:
There is a stipulation of facts in this case which shows that the railroad company transported members of the National Guard to and from camps of instruction. They had not at that time been called into service of the United States for any of the purposes mentioned in Article 1, section 8, paragraph 15 of the Constitution of the United States, nor had they been drafted into the military service of the United States under section 111 of the national- defense act of June 3, 1916. In these circumstances they were not troops of the United States within the meaning of the land-grant acts. See Oregon-Washington Railroad and Navigation Co. case, 60 C. Cls. 458.
1. In a large part of the claim herein the plaintiff stated its bills at full tariff fares, which were paid by the disbursing officer, and later deductions were made from other bills of the railroad company on account of land grant. Since the Government was not entitled to land-grant fares, these deductions were erroneous and plaintiff is entitled to recover same (Finding YII).
2. Others of the bills shown in Finding VIII were rendered at net land-grant fares, with statements to the effect that the net fares were accepted under protest, because the persons transported were not subject to the land-grant statutes. This class of claims come within the rule of the St. Louis, Brownsville & Mexico Railway Company case, 268 U. S. 169. Plaintiff is, therefore, entitled to recover the difference between what it received and the commercial fares shown in Finding VIII.
3. Others of the bills were presented at net fares. No protest was indorsed upon the bills and no protest was made at the time payment was made. Thereafter plaintiff rendered supplemental bills for the amount of land-grant deductions, which, being transmitted to the General Accounting Office, were disallowed by the Comptroller General. In one instance involving a small claim the Comptroller General acted upon the supplemental bill and allowed a small part of it. These bills having been presented at net fares and payment received without any objection or *737 protest come within the ruling of the Supreme Court in the Southern Pacific Company case, 268 U. S. 268, where it is said: “ It is clear that as to all the bills which were presented at land-grant rates prior to January 1, 1914, and paid and accepted without protest or other objection, the conduct of the claimant was such as to lead the Government to believe that the land-grant rates were accepted in full satisfaction of the original claims and established an acquiescence on the part of the claimant that operated as a discharge of the claims for the full passenger rates.” We do not think that the circumstance of the rendering of supplemental bills to the disbursing officer or accounting officer after payment and acceptance of payment of bills as rendered can affect the situation or take the place of protest or objection which should be made at the time of payment. See authorities supra.
Geaham, Judge; Hat, Judge; Downey, Judge; and Booth, Judge, concur.